THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ANSONIA JOHNAKEN, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* SMITH ALEXANDER, Defendant.

City Court of New Rochelle, January 9, 1950.

*Aaron Simmons, Corporation Counsel (John A. Bodmer* of counsel), for plaintiff.

*Samuel Schain* and *David Edwards* for defendants.

FASSO, J. The defendants herein are charged with a violation of subdivision 1 of section 887 of the Code of Criminal Procedure — vagrancy. The applicable section reads in part: " The following persons are vagrants: 1. A person who, not having visible means to maintain himself, lives without employment ".

The defendants, who live in New York City, were riding in a 1947 Cadillac sedan automobile in an easterly direction along Main Street in New Rochelle, when they were first observed by New Rochelle police. Because they appeared suspicious, the police officers, who were in an automobile, followed the defendants through the business section of the city to Echo Avenue and Main Street, where they caused the defendants to bring their vehicle to a stop. The police testified that the defendants looked at stores, especially at gas stations, that they drove at a slow rate of speed and that they decided because of these circumstances to follow them. None of the police officers had ever seen the defendants in the city of New Rochelle or at any other place before.

When the automobile of the defendants was brought to a stop, one of the defendants threw an article, which later was established to be a pack of cards, out of the car. A search of the defendants and of the car produced two packs of cards, a pair of dice and three single cards which are used in a card game commonly known as " Three-Card Monte ". The witnesses for the People testified that the defendants, when apprehended, stated they had come to Westchester County to gamble.

Each defendant had more than $100 in cash upon his person. One of the defendants owned the 1947 Cadillac automobile in which they were riding and the other claimed that he, too, was the owner of an automobile. The wife of the defendant Smith Alexander, testified that he owned an interest in a butcher shop and that he, with her, was the joint owner of two apartments which yielded and still produces a net income to the wife and the defendant of about $80 a week. The wife of the defendant Ansonia Johnaken, testified that she and her husband, to whom she had been married for thirteen years, jointly owned a beauty parlor, where the defendant did all the repair work and cleaning

about the premises, which yielded a yearly income to them of about $5,000. The defendants did not testify.

Upon the foregoing facts, should the court conclude that the defendants were, when arrested on November 15, 1949, vagrants? It is to be noted that the definition of a vagrant under subdivision 1 of section 887 of the Code of Criminal Procedure is similar to the definition of a tramp under subdivision 1 of section 887a. It is clear, therefore, that under subdivision 1 of section 887 the Legislature intended to designate as vagrants persons who hang about public streets and public places, persons who do not work and do not wish to work, and persons who have no visible means of support and do not desire lawfully to obtain money for support. Neither unemployment nor a criminal record, according to the highest court of our State, makes one a vagrant. To quote from the opinion of the Court of Appeals in the case of *People* v. *Sohn* (269 N. Y. 330, 333, 335): '' The evidence against Sohn did not bring him within this definition of ' vagrancy.' That he was not working was proved, and besides, he admits it. He had a criminal record, but this did not make him a vagrant. * * * Even though our suspicions, growing out of his past record, incline us to believe that he did not want to work, we cannot put men in jail even for minor offenses on mere suspicion.'' '' A vagrant is one who is apt to become a public charge through his own laziness.'' '' He is a vagrant when a job of some kind can be obtained and he prefers to loaf around and do nothing, having apparently no ascertainable means of support.''

To convict, it is necessary for the People to establish that the defendants lived without employment and that they did not have visible means to maintain themselves. Just what constitutes '' visible means of support '' is difficult of precise definition or measurement. In the final analysis, every case must be decided upon the facts presented in the light of all the circumstances. No court, certainly, has the power to expand the meaning of the section under the guise of judicial interpretation. Although there is great doubt as to the employment of the defendants, the uncontradicted evidence clearly establishes that they had substantial, visible means and sources of support. Moreover, the evidence must establish the guilt of the defendants beyond a reasonable doubt and there is a doubt whether or not the defendants are vagrants within the applicable section.

The defendants are found not guilty.